## KLUMP et al. v. THOMAS.

(Circuit Court, E. D. Pennsylvania. May 14, 1901.)

CUSTOMS DUTIES—CLASSIFICATION—FLAX THREAD.

A manufacture of flax, consisting of hanks of two strands of flax twisted together, is not dutiable under paragraph 347 of the tariff act of 1897, covering manufactures of flax not specially provided for, but is "thread ⁎ ⁎ ⁎ made from yarn ⁎ ⁎ ⁎ composed of flax," and as such specifically provided for in paragraph 330.

Appeal from Decision of Board of General Appraisers.

H. T. Kingston and W. Wickham Smith, for importers (appellants).

W. M. Stewart, Jr., and James B. Holland, for the United States.

DALLAS, Circuit Judge. This is a proceeding for review of a decision of the board of general appraisers, which affirmed the action of the collector of the port of Philadelphia as to the classification of certain merchandise imported by the plaintiffs. This merchandise was assessed for duty under paragraph 330 of the act of 1897, and the contention of the plaintiffs is that it was not dutiable under that paragraph, but under paragraph 347. These paragraphs are as follows:

"330. Threads, twines, or cords, made from yarn not finer than five lea or number, composed of flax, hemp or ramie, or of which these substances or either of them is the component material of chief value, thirteen cents per pound; if made from yarn finer than five lea or number, three-fourths of one cent per pound additional for each lea or number, or part of a lea or number, in excess of five."

"347. All manufactures of flax, hemp, ramie or other vegetable fiber, or of which these substances, or either of them, is the component material of chief value, not specially provided for in this act, forty-five per centum ad valorem."

The material involved in this case consists of hanks of two strands of flax twisted together, and is therefore a "manufacture of flax"; but, though this is plain, still the crucial question remains, is it an article which congress has designated by the specific name of "thread"? If it is, it was rightly classified under that designation. Twine Co. v. Worthington, 141 U. S. 474, 12 Sup. Ct. 55, 35 L. Ed. 821.

If it were necessary, as the plaintiffs seem to suppose, to distinguish thread from yarn, it would, I think, be difficult to point out any difference upon which, for the purposes of this case, such distinction could be rested. The dictionary definition of either of these words would be inclusive of this merchandise, and the evidence

shows that each of them is commercially applied to it. Therefore, while it cannot be said that it is not yarn, it is equally certain that it is thread. It is "thread * * * made from yarn," and congress, having so designated it, did all that was necessary for its identification. It was not requisite that it should be called by every name which might properly have been given to it. I quite agree that, though to a limited extent and for restricted purposes it may be used for sewing, it could not have been classified as a sewing thread; but the obvious answer to the argument which has been based upon this fact is that it has not been so classified, and that the act makes no provision for any such classification. Indeed, I think it is clear that in paragraph 330, by thread made from yarn, there was intended (as some of the witnesses have testified is their understanding of the meaning of the word "thread") two or more strands of yarn twisted together, as distinguished from "single yarns," which are dealt with in the following paragraph; in other words, that, for certainty of description, the term "single yarns" was employed when but one strand was referred to, but that, where articles composed of more than one strand were in mind, the word "threads" alone was used, as being precisely apt, and, of itself, sufficiently defining. The decision of the board of appraisers is affirmed.